IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELIX GUZMAN RIVADENEIRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-2025-M-BN |
| | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M.G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Plaintiff Felix Guzman Rivadeneira's construed *Bivens* action should be dismissed without prejudice for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

Through the *pro se* complaint [Dkt. No. 3] received by Court on June 15, 2015, Plaintiff, an individual detainee ordered deported,[1] seeks to assert claims on "behalf

---

[1] According to a recent decision by the United States District Court for the Northern District of Illinois, the plaintiff-putative class representative is in custody in McHenry County, Illinois, awaiting removal to Ecuador, and his petition challenging his removal was pending in the United States Court of Appeals for the Seventh Circuit as of June 3, 2015. *See Guzman-Rivadeneira v. Prim*, No. 15 C 4540, 2015 WL 3542809 (N.D. Ill. June 3, 2015).

of the thousands of detainees and their families" based on the alleged "denial of access

to [Department of Homeland Security]-supported programs, activities, and services due

to [their] limited English proficiency." *Id.* at 1.

As the Court notified Plaintiff through a June 16, 2015 Notice of Deficiency and

Order [Dkt. No. 4],

> *pro se* prisoners (or "non-convicted detainees") have neither the authority
> to represent anyone but themselves nor the competence to protect the
> interests of other prisoners as required by [Federal Rule of Civil
> Procedure] 23. *See Russell v. United States*, 308 F.2d 98 (9th Cir. 1962);
> *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Because
> Plaintiff is proceeding *pro se*, he cannot represent a class. To pursue
> claims on his own behalf, Plaintiff must plead specific conduct that has
> been committed by a person or persons ... that deprived him of a right,
> privilege or immunity secured by the Constitution and he must plead
> specific facts showing how and when and by whom he was harmed by
> that conduct.

*Henderson v. Jamison*, No. C10-5802 RBL/KLS, 2011 WL 690616, at *2 (W.D. Wash.

Jan. 31, 2011), *rec. adopted*, 2011 WL 690573 (W.D. Wash. Feb. 18, 2011); *cf. McGrew*

*v. Tex. Bd. of Pardons & Parole*, 47 F.3d 158, 162 (5th Cir. 1995) ("McGrew alleged that

there are numerous other inmates having an interest in his action but he did not

address any of the other requirements of Rule 23. Further, because McGrew is

proceeding *pro se* and his own complaint failed to state a cause of action, his ability to

serve as an adequate representative of the class is dubious." (citing *Gonzales v.*

*Cassidy*, 474 F.2d 67, 72 (5th Cir. 1973))).

The Court further notified Plaintiff as to perceived deficiencies related to venue,

the sufficiency of his factual allegations, and his failure to either pay the full filing fee

or move to proceed *in forma pauperis*:

[S]ince it is questionable that Plaintiff proceeding *pro se* can represent a presumed nationwide class of detainees, it also appears likely that this action does not belong in this Court. To the extent this is an action for damages against federal officers based on alleged violations of constitutional rights, this is an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and venue in such an action is governed by 28 U.S.C. § 1391(e)(1) and is proper where

> (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

*Id.*

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a)*; see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte. See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Moreover, as indicated above, the factual allegations of the complaint are not sufficient. While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Finally, Plaintiff has neither paid the full amount necessary to initiate this action nor filed a motion for leave to proceed *in forma pauperis.*

Dkt. No. 4 at 2-3.

Plaintiff was directed to, by no later than July 17, 2015, (1) file an amended complaint in compliance with Rule 8(a); (2) either pay the filing fee or move for leave to proceed *in forma pauperis*; and (3) show why this case should not be transferred to the Northern District of Illinois. *See id.* at 3-4. He was also warned that the "[f]ailure to comply with this order will result in a recommendation that the complaint be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* at 4.

The Court received a response from Plaintiff on June 30, 2015. *See* Dkt. No. 5. Through that response, Plaintiff does not contest the deficiencies noted by the undersigned. *See id.* at 2 ("I do not want this letter to be considered an appeal or a challenge of your recommendations."). In fact, the general tone of Plaintiff's response is that he is abandoning the prosecution of this action in this Court. And, since receiving the June 30, 2015 correspondence, the Court has not heard further from Plaintiff.

As the undersigned anticipated while initially screening Plaintiff's complaint, this Court is merely but one of many in which Plaintiff filed this complaint. As one district court has documented, Plaintiff in fact "filed a total of 62 actions in federal district courts between June 10, 2015, and July 30, 2015." *Rivadeneira v. Dep't of Homeland Sec.*, No. 3:15cv-P548-GNS, 2015 WL 4776906, at *2-*3 (W.D. Ky. Aug. 12, 2015) (noting that the "[f]iling identical lawsuits in multiple district courts is abusive and wasteful of judicial resources and warrants dismissal under § 1915(e) as frivolous and malicious" (collecting cases including *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th

Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under § 1915 as malicious))).

## Legal Standards and Analysis

A district court has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

By not curing the deficiencies the Court noted on June 16, 2015, as ordered, Plaintiff has prevented this action from proceeding and therefore has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of Plaintiff's lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

Plaintiff's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff complies with the Court's previous order [Dkt. No. 4] by curing all deficiencies noted therein, the Court should refer the case back to the undersigned United States magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE